UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-23064-Civ-COOKE/TURNOFF

*In re* GLOBAL CONCEPTS LIMITED, INC.
d/b/a GLOBAL TV CONCEPTS, LTD., *et al.*
_____/

STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT PURSUANT TO FRE 502 AND FRCP 26

THIS CAUSE is before the Court on the parties' Stipulation for Entry of Protective Order and Confidentiality Agreement Pursuant to Rule 502, *Federal Rules of Evidence*, and Rule 26, *Federal Rules of Civil Procedure* (the "**Stipulation**"), governing the disclosures and handling of documents and information deemed confidential and/or protected by the attorney-client privilege or the work-product doctrine by Plaintiffs Cathie Colvin and Mark Gjolaj ("**Plaintiffs**"), and Defendant Global Concepts Limited, Inc., ("**Defendant**"). The Court, having reviewed the Stipulation and otherwise being duly advised in the premises,

**ORDERS AND ADJUDGES** as follows:

1.      The parties in the above-captioned litigation ("**This Litigation**") recognize that the preparation and trial of this action will require the discovery of certain business records, personal information, and other materials, claimed by the parties and/or third parties to contain confidential business, commercial, financial, or personal information. Plaintiffs and Defendant desire to litigate this action without jeopardizing their respective business, commercial, and/or personal interests in the confidentiality of information produced by the parties and non-parties herein. The parties also recognize that the information and documents produced during discovery may be voluminous, and therefore, the parties may inadvertently produce information protected by the attorney-client privilege or the work-product doctrine, despite reasonable efforts to protect such

information from disclosure. Therefore, Plaintiffs and Defendant enter into this Stipulated Protective Order and Confidentiality Agreement (the "**Protective Order**").

2.     The protections of this Protective Order may be invoked by any of the parties hereto with respect to any information, documents, or materials produced, or requested to be produced, in discovery in this action, by the parties and/or by non-parties, which the party or non-party furnishing the information, documents, or materials in good faith believes contain trade secret or confidential business, commercial, financial or personal information of a non-public nature. This Protective Order pertains equally to any depositions, Court filings, or discovery requests or responses containing or referring to any trade secret or confidential business, commercial, financial or personal information of a non-public nature. Any such materials may be protected by designation as Confidential Material, as described below. If materials produced in discovery have been designated Confidential Material, the parties will be bound by the terms of this Protective Order.

3.     "**Document**" includes all tangible written, recorded or graphic material, and intangible data files, such as magnetic computer files, whether produced or created by a party or another person, and whether produced pursuant to any state or federal discovery rules, by agreement or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, trial transcripts or other court transcripts, pleadings, motions, affidavits, declarations, affirmations, briefs, or other filings, and any portion of any of the above.

4.     "**Confidential Material**:" Documents, materials, information, or testimony designated as "Confidential" (generally defined as documents, materials, information, or deposition testimony, including deposition transcripts and deposition exhibits,  that contain

proprietary trade secrets or business, financial or personal information or other proprietary research, development, or commercial information of a non-public nature and not available in the public domain, which the producing party in good faith believes to be confidential pursuant to existing law (hereinafter the **"Confidential Material"**)), by any party or non-party, pursuant to the terms of this Protective Order, may be disclosed by counsel for any party only for the purpose of this litigation and not for any business or other purpose.

5.  Plaintiffs or Defendant may designate documents, materials, information, or testimony as "Confidential Material" by stamping, marking or otherwise identifying such information as "Confidential," "Produced pursuant to Protective Order," or such other designation as will clearly specify that the documents and/or information is intended to be covered by this Protective Order. Such designation shall render such items and all copies, prints, summaries, or other reproductions of such items (information) subject to this Protective Order. Appropriately marked information and documents shall be deemed "Confidential Material" as that term is used in this Protective Order.

6.  To the extent that such Confidential Material has been or may in the future be used in the taking of depositions, it shall remain subject to the provisions of this Protective Order, and this Protective Order shall extend to include the transcript pages of deposition testimony dealing with or referring to such protected information.

7.  Confidential Material shall be used solely for the purpose of conducting This Litigation and not for any other purpose whatsoever. For the purpose of conducting This Litigation, Confidential Material may be disclosed to the following persons only:

> (a)  the parties to This Litigation, including their officers and agents, but only to the extent necessary for such officer or such agent to perform his or her assigned tasks in connection with This Litigation;

(b)     the law firms of record in This Litigation for the parties (including attorneys, paralegals, clerical and support personnel of such attorneys) but only to the extent necessary for such attorney or such employee of such attorney to perform his or her assigned tasks in connection with This Litigation;

(c)     the Court and court officials involved in This Litigation but only to the extent necessary for the Court and such officials to perform their tasks in connection with This Litigation;

(d)     the parties' outside experts, advisors and consultants, including graphics, translation or design services and commercial copy vendors retained by counsel of record in This Litigation for purposes of This Litigation;

(e)     any deponent during that deponent's deposition but only to the extent necessary for such person to perform his or her assigned tasks in connection with This Litigation;

(f)     any witness who is preparing for a deposition or hearing but only to the extent necessary for such person to perform his or her assigned tasks in connection with This Litigation; and

(g)     any other person as required by law.

8.     A party who makes any disclosure of Confidential Material permitted under this Protective Order shall provide to anyone other than those individuals listed in the above Paragraph 7 categories (a) the named parties to This Litigation, (b) the attorneys of record in This Litigation, or (c) Court officials -- i.e., categories (d), (e), (f), or (g), a copy of this Protective Order and advise each such person concerning the terms of this Protective Order. The persons to whom such disclosure is made are hereby enjoined from further disclosing such Confidential Material to any other person whatsoever. Any person to whom such Confidential Material is disclosed, who is a person identified in Paragraph 7(d), (e), (f) and (g) above, shall agree in writing to the terms of this Protective Order on the form provided on Attachment 1 attached hereto, which form shall be provided to and executed by such person in advance of the disclosure of any Confidential Material. Such form shall be provided if requested, upon a

showing of good cause that the Protective Order has been or will imminently be violated.

9.      If any Confidential Material is to be included among any papers filed with the Court as part of any pleading, motion, or other paper by the producing party who designated such Confidential Material, the producing party may serve a motion to file under seal pursuant to Local Rule 5.4(b), and the receiving party shall assent to such motion to file under seal absent appropriate grounds for objection.  If any Confidential Material is to be included among any papers filed with the Court as part of any pleading, motion, or other paper by the receiving party, the receiving party shall advise the producing party in writing at least ten business days prior to the filing of such pleading, motion or other paper of its intent to include Confidential Material with its papers.  The producing party may within five business days of such notice serve a motion to file under seal pursuant to Local Rule 5.4(b), and the receiving party shall assent to such motion to file under seal absent appropriate grounds for objection.  The receiving party shall not file any Confidential Information with the Court until the producing party has notified the receiving party that it does not intend to file a motion under Local Rule 5.4(b), the five day notice period has passed without service of such motion by the producing party, or this Court has ruled on such motion.

10.      Any Confidential Material filed with the Court or offered as evidence at trial shall be clearly marked as Confidential Material and shall clearly indicate the case number, the party's name, and the attorney's name, address, and telephone number.

11.      If the recipient of Documents or information subject to this Protective Order believes the materials should not be treated as being within the scope of this Protective Order, the recipient shall so notify counsel for the producing party.  Counsel for the producing party shall have five calendar days after such notice to confer with the recipient.  If the parties cannot

reach agreement either party shall have the right to file a motion at the conclusion of the five calendar day period. Should a dispute arise, the recipient shall observe the terms of this Protective Order until being otherwise directed by the Court. The producing party shall have the burden of proving confidentiality.

12. All Confidential Material shall be maintained in the custody of the party's counsel of record. Upon the entry of final judgment, the entry of a dismissal order (or orders) implementing a settlement (or settlements) by all parties completely resolving this matter, or the entry of a final judgment and one or more dismissal orders effectuating settlements, which, in combination, resolve all claims made by one party against the other party in This Litigation, including appeals or petitions for review (the "**Conclusion of This Litigation**"), attorneys for the parties may retain one copy of all Confidential Material, provided that such Confidential Material shall be protected from disclosure as set forth herein and may be used or disclosed by such attorneys only in the event a malpractice or similar claim is asserted against said attorneys. In addition, the attorney seeking to use the Confidential Material for those limited purposes shall notify the producing party in advance of any such use or disclosure, and the attorney shall take reasonable steps to limit the disclosure of the Confidential Material. Outside counsel for the parties shall also be entitled to retain all memoranda containing information derived from any Confidential Material, but without source identification, and such memoranda are to be used only for the purpose of preserving a file on this case and not, without written permission of the producing party, to be disclosed to any other person. The original and any other copies not retained by the attorneys for the parties shall be returned to the producing party or destroyed within forty-five (45) days of the Conclusion of This Litigation. Each party shall certify in writing that it has complied with this Paragraph 11, no later than sixty (60) days after the Conclusion of This

Litigation.

13.     If, during the course of This Litigation, any party inadvertently produces material it claims to be confidential without designating such material as Confidential Material in accordance with Paragraph 4, such inadvertent production will not constitute a waiver of confidentiality. The producing party shall notify the receiving party of any such inadvertent production and may reproduce the material with the designation that it is Confidential Material. After being notified, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has without the designation of Confidential Material and must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified.

14.     If, during the course of This Litigation, any party inadvertently produces material it claims to be privileged or subject to the work product doctrine, such inadvertent production will not constitute a waiver of any applicable privilege or protection or otherwise entitle the receiving party to production of such material. The producing party shall notify the receiving party of any such inadvertent production and the basis for the claim. After being notified, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the receiving party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.

15.     This Protective Order shall be retroactive to the commencement date of This Litigation. Any items of discovery or other information deemed by counsel to contain confidential information that have been produced or disclosed prior to the date hereof shall be

deemed Confidential Material, if, within thirty (30) days of the date hereof, the producing party:

(1)     notifies all original recipients in writing of its intent to invoke this Paragraph 14;

(2)     designates such items of discovery or other information as Confidential Material in accordance with the terms set forth in Paragraph 4;

(3)     provides replacement copies of the items of discovery or other information containing the designation described in Paragraph 4; and

(4)     instructs all original recipients to destroy or return all copies not containing the designation described in Paragraph 4 to the producing party.

16.     This Protective Order shall not be abrogated, modified, amended, or enlarged except upon motion, with notice thereof given to each of the parties hereto.

**DONE AND ORDERED**, in Chambers, Miami-Dade County, Miami, Florida this _2 1_ day of _March_, 2013.

_____
Honorable William C. Turnoff
Magistrate Judge

*Conformed copies to:*

*Counsel of Record*

**Attachment 1**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 12-23064-Civ-COOKE/TURNOFF

*In re* GLOBAL CONCEPTS LIMITED, INC.
d/b/a GLOBAL TV CONCEPTS, LTD., *et al.*

_____/

I acknowledge and state the following:

1.      My current full name and address is:

_____

_____

_____

2.      Prior to receiving any information designated or marked as "Confidential," I was provided a copy of the Stipulated Protective Order and Confidentiality Agreement in the above-captioned action, which I have fully read and understand.

3.      I agree to be bound by the terms of the Stipulated Protective Order and Confidentiality Agreement and to submit to the jurisdiction of the United States District Court for the Southern District of Florida concerning the enforcement of its terms.

4.      I agree not to discuss, disclose, or otherwise reveal in any way any information subject to the Stipulated Protective Order and Confidentiality Agreement, except to such persons who are expressly permitted by its terms to view such information.

Date:           _____

Signature:      _____