## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 12-23064-Civ-COOKE

*In re* GLOBAL CONCEPTS LIMITED, INC.,
d/b/a GLOBAL TV CONCEPTS, LTD., *et al.*                    CLASS ACTION

    Defendants.

This agreement ("Settlement Agreement") is made and entered into this 30th day of September, 2013, between Plaintiffs Cathie Colvin and Mark Gjolaj, on behalf of themselves and the Settlement Class, as defined below, and Defendant Global Concepts Limited, Inc. d/b/a Global TV Concepts, LTD. ("Global") to settle, fully and finally, the action brought on behalf of the Settlement Class against Global relating to the Riddex electromagnetic pest repelling aid devices as described below (hereinafter referred to individually and collectively as a "Device" or the "Devices").

Whereas Plaintiffs have alleged in this class-action lawsuit ("Lawsuit") against Global claims for violation of the Florida Deceptive and Unfair Trade Practices Act, breach of warranty, and violation of consumer protection statutes based on purported misstatements that allegedly caused perception and performance problems in or in connection with the Devices;

Whereas Global denies the allegations in this Lawsuit and asserts numerous defenses to the claims alleged in this Lawsuit;

Whereas the parties to this Settlement Agreement (the "Parties"), after having commenced discovery in this Lawsuit and having engaged in arm's length settlement negotiations and confirmatory discovery, have now reached an agreement providing for a resolution of all claims that have been or could have been brought on behalf of the Settlement Class against Global relating to the Devices;

Whereas Plaintiffs and Plaintiffs' counsel have examined and considered the benefits to be provided to Settlement Class Members under the settlement provided for in this Settlement Agreement ("the Settlement"); have considered the laws of the state of Florida and other states, and the claims that could be asserted under those laws regarding the Devices; and believe the Settlement to be in the best interest of Settlement Class Members, taking into account the substantial benefits to be provided to Settlement Class Members by Global, the risks of litigation, and the length of time that would be required to complete the litigation and any appeals; and

Whereas Global has at all times disputed, and continues to dispute, Plaintiffs' allegations in the Lawsuit and has denied, and continues to deny, any liability for any of the claims that have or could have been raised regarding the Devices by Plaintiffs or Settlement Class Members, but believes that the comprehensive resolution of the issues relating to the Devices as provided in this Settlement Agreement will avoid the substantial expense and disruption of continued litigation;

Now, therefore, the Parties agree as follows:

## I.   DEFINITIONS

As used in this Settlement Agreement, the following definitions shall apply:

A.      "Administration Expenses" means reasonable fees and expenses incurred by the Claims Administrator for all tasks the Claims Administrator and any third parties perform in furtherance of the administration of the Settlement, including:  (1) preparation and distribution of the Settlement Notice, (2) preparation of status reports to the Parties; and (3) processing and administration of claims.

B.      "Application" means the application to be filed by Class Counsel in this Lawsuit by which they will seek an award of attorneys' fees and reimbursement of costs they incurred prosecuting this Lawsuit, as well as awards to be paid to Plaintiffs.

C.      "Claim Form" means the form to be used by Settlement Class Members to make a claim under this Settlement, a copy of which is attached to the Preliminary Approval Order as Exhibit 4, to be approved by the Court and to be posted online in accordance with paragraph V of this Settlement Agreement.

D.      "Claims Administrator" means KCC Class Action Services, the entity selected by the Parties to administer the Settlement.

E.      "Class Counsel" means the law firms Baron & Herskowitz, LLP, Cuneo Gilbert & LaDuca, LLP, Milberg LLP, and Varnell & Warwick, P.A..

F.      "Court" means the United States District Court for the Southern District of Florida.

G.      "Defendant" means Global.

H.      "Devices" means Riddex Plus (marketed as "Riddex Pulse"), Riddex Power Plus, Riddex Quad and Riddex Power Guardian.

I.      "Effective Date" means the first date after all the following have occurred: (i) the Court has entered an order granting final approval of the Settlement in accordance with the terms of this Settlement Agreement; (ii) the time for any challenge to the Settlement, both in the Court and on appeal, has elapsed; and (iii) the Settlement has become final, either because no timely challenge was made to it or because any timely challenge has been finally adjudicated and rejected or dismissed.

J.      "Fairness Hearing" means the final hearing, to be held after notice has

been provided to the Settlement Class in accordance with this Settlement Agreement:  (1)

to determine whether to grant final approval to (a) the certification of the Settlement

Class, (b) the designation of Plaintiffs as the representatives of the Settlement Class, (c)

the designation of Class Counsel as counsel for the Settlement Class, and (d) the

Settlement; (2) to rule on Class Counsel's Application for an award of attorneys' fees and

reimbursement of costs and for awards to Plaintiffs; and (3) to consider whether to enter

the Final Approval Order.

K.      "Final Approval Order" means the proposed Order Granting Final

Approval to the Class Action Settlement Agreement and Entry of Final Judgment, to be

entered by the Court with the provisions and in the form of Exhibit B attached to this

Settlement Agreement.

L.      "Lawsuit" means the putative class action lawsuit pending, as of the date

of this Settlement Agreement, in the Court as Case No. 12-23064-Civ-COOKE.

M.      "Person" means any natural person, corporation, partnership, business

organization or association, or other type of legal entity.

N.      "Plaintiffs" means Cathie Colvin and Mark Gjolaj, the named plaintiffs in

this Lawsuit.

O.      "Preliminary Approval Order" means the proposed Order Granting

Preliminary Approval to Class Action Settlement, to be entered by the Court with the

terms and form of Exhibit A attached to this Settlement Agreement.

P.      "Posted Notice" means the proposed notice, with the terms and form of

the document attached to the Preliminary Approval Order as Exhibit 2, to be approved by

the Court and to be posted online in accordance with paragraph V of this Settlement Agreement.

Q.      "Publication Notice" means the proposed notice, with the terms and form of the document attached to the Preliminary Approval Order as Exhibit 3, to be approved by the Court and to be published in accordance with paragraph V of this Settlement Agreement.

R.      "Released Claims" means all claims, actions, causes of action, administrative claims, demands, debts, damages, costs, attorney's fees, obligations, judgments, expenses, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, other than claims for personal injury, that Plaintiffs or any member of the Settlement Class now have or, absent this Settlement Agreement, may in the future have had, against Releasees, or any of them, by reason of any act, omission, harm, matter, cause, or event whatsoever that has occurred at any time up to and including the entry of the Preliminary Approval Order, that has been alleged in this Lawsuit or could have been alleged in the Lawsuit or in another court action, and relates (i) to any of the alleged inadequacies, misstatements, or issues of or associated with the Devices alleged in this Lawsuit or (ii) to any act, omission, damage, matter, cause, or event whatsoever arising out of or related to the initiation, defense, or settlement of the Lawsuit or the claims or defenses asserted or that could have been asserted in the Lawsuit.

S.      "Releasees" means (a) Defendant, together with its respective predecessors and successors in interest, parents, subsidiaries, affiliates, and assigns; (b) Global Instruments, Inc., together with its respective predecessors and successors in

interest, parents, subsidiaries, affiliates, and assigns; (c) each of their respective past, present, and future officers, directors, agents, representatives, employees, attorneys, and insurers; and (d) all suppliers, distributors, dealers, retailers, trade partners, licensors, licensees, franchisees, public relations firms, advertising and production agencies, and other entities, whether foreign or domestic, who were or are in the chain of, or played any role in, the design, testing, manufacture, assembly, distribution, marketing, sale, lease, installation, or servicing of the Devices or their component parts.

T.    "Settlement" means the settlement provided for in this Settlement Agreement.

U.     "Settlement Agreement" means this Settlement Agreement and the exhibits attached hereto.

V.    "Settlement Class" means each person in the United States and its territories who from January 1, 2006 to August 31, 2013 purchased a Riddex brand electromagnetic pest repelling aid device (models Riddex Plus (marketed as "Riddex Pulse"), Riddex Power Plus, Riddex Quad, or Riddex Power Guardian) other than for resale or distribution.  Excluded from the Settlement Class are officers, directors, and employees of Global and their parents and subsidiaries, as well as judicial officers and employees of the Court.

W.    "Settlement Class Members" means all Persons who are members of the Settlement Class and do not exclude themselves from the Settlement Class in the manner and time prescribed by the Court in the proposed Preliminary Approval Order attached hereto as Exhibit A.

X.      "Settlement Notice" means the proposed form of written notice attached to the Preliminary Approval Order as Exhibit 1, to be approved by the Court and to be sent to those Settlement Class Members whose e-mail or mailing addresses are known to and readily identifiable by Global in accordance with Section V of this Settlement Agreement.

XI.     The "Settlement Website" means www.riddexclasssettlement.com, which Settlement Class Members can visit to read or request additional information regarding the Settlement.

## II.     CONDITIONAL CERTIFICATION OF NATIONWIDE CLASS SETTLEMENT

For the purpose of implementing this Settlement Agreement, and for no other purpose, Defendant stipulates to the conditional certification of the nationwide Settlement Class in this Lawsuit as set forth in the Preliminary Approval Order.  If for any reason this Settlement Agreement should fail to become effective, Defendant's stipulation to certification of the Settlement Class provided for in this Section II, or to any other class or subclass, shall be null and void, and the Parties shall return to their respective positions in this Lawsuit as those positions existed as of June 12, 2013.  Nothing stated in this Settlement Agreement shall be deemed an admission or waiver of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action or proceeding of any kind and all communications between counsel for the Parties from June 12, 2013, through the date of the submission of the Plaintiffs' Motion seeking entry of the Preliminary Approval Order, and all communications regarding and in furtherance of the Settlement, are and shall be considered settlement communications conducted to aid in the compromise of the Lawsuit and may not be admitted as against any Party to the Lawsuit.

## III.     REQUIRED EVENTS

A.     As soon as practicable after the execution of this Settlement Agreement, the Plaintiffs shall file in this Lawsuit this Settlement Agreement and a motion seeking entry of the Preliminary Approval Order, which Global agrees not to oppose, and which by its terms shall accomplish all of the following:

1.     Preliminarily approve the Settlement and this Settlement Agreement as fair and reasonable to the Settlement Class;

2.     Conditionally certify the Settlement Class for the purpose of effecting the Settlement;

3.     Designate Plaintiffs as the representatives of the Settlement Class;

4.     Designate Class Counsel as counsel for the Settlement Class;

5.     Designate KCC Class Action Services or a similarly qualified firm, as the Claims Administrator and instruct the Claims Administrator to perform the following functions in accordance with the terms of this Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order:

a.     Process requests for exclusion from the Settlement in accordance with Section IV of this Settlement Agreement;

b.     Process objections to the Class Settlement in accordance with Section IV of this Settlement Agreement;

c.     Process Claim Forms in accordance with Section IV of this Settlement Agreement;

d.      Before disseminating the Settlement Notice, establish the Settlement Website, which Settlement Class Members can visit to read or request additional information regarding the Settlement;

e.      Set up and operate a toll-free automated interactive voice response system through which Settlement Class Members can access settlement information and facilitate notice packet requests; and

f.      Send via e-mail or mail claims forms and/or notice packets to all those who may request via the toll-free number or mail.

6.      Designate Digital Target Marketing to disseminate the Settlement Notice by e-mail where an e-mail address is known and readily available to Global, and report to Global the identity of each person to which e-mail of the Settlement Notice was attempted is determined to be "undeliverable;"

7.      Designate Global to disseminate the Settlement Notice by mail where a mailing address is known and readily available to Global, but an e-mail address is not, and where Digital Target Marketing notifies Global that the e-mail Settlement Notice was returned "undeliverable" and a mailing address is known and readily available to Global;

8.     Approve the form, contents, and method of notice to be given to the Settlement Class as set forth in Section V of this Settlement Agreement, and direct Global to provide, and cause to be provided, such notice and to file with the Court a declaration of compliance with those notice requirements, as set forth in Section V of this Settlement Agreement;

9.     Establish procedures and schedule deadlines for Persons in the Settlement Class to object to the Settlement or certification of the Settlement Class, and to exclude themselves from the Settlement, all consistent with the terms of this Settlement Agreement;

10.     Schedule the Fairness Hearing for a date approximately, but no fewer than, sixteen (16) weeks/one hundred and twelve (112) days after the date of the Court's entry of the Preliminary Approval Order; and

11.     Schedule deadlines for the filing of:  (a) papers in support of final approval of the certification of the Settlement Class, the designation of Plaintiffs as the representatives of the Settlement Class, the appointment of Class Counsel as counsel for the Settlement Class, and the Settlement; (b) Class Counsel's Application; and (c) objections to certification of the Settlement Class, to the designation of Plaintiffs as the representatives of the Settlement Class, to the appointment of Class Counsel as counsel for the Settlement Class, or to the Settlement.

B.     At the Fairness Hearing the Parties will jointly request the Court to enter the Final Approval Order, which:  (1) grants final approval of the certification of the Settlement Class, designation of Plaintiffs as the representatives of the Settlement Class, and designation of Class Counsel as counsel for the Settlement Class, all as conditionally approved in the Preliminary Approval Order; (2) grants final approval of the Settlement and this Settlement Agreement as fair, reasonable, and adequate to the Settlement Class; (3) provides for the release of all Released Claims and enjoins Settlement Class Members from asserting, filing, maintaining, or prosecuting any of the Released Claims in the future; (4) orders the dismissal with prejudice of all claims, causes of action, and counts alleged in the Lawsuit, and incorporates the releases and covenant not to sue stated in this Settlement Agreement, with each of the Parties to bear its or his/her own costs and attorney's fees, except as provided in Section VIII below; and (5) preserves the Court's continuing jurisdiction over the administration of the Settlement and enforcement of this Settlement Agreement.

C.     Plaintiffs, Class Counsel, and Defendant will cooperate and take all reasonable actions to accomplish the above.  If the Court fails or refuses to enter either the Preliminary Approval Order or the Final Approval Order, Plaintiffs, Class Counsel, and Defendant will use all reasonable efforts that are consistent with this Settlement Agreement to cure any defect identified by the Court.  If, despite such efforts, the Court does not enter the Preliminary Approval Order and the Final Approval Order, the Parties will return to their prior positions in the Lawsuit, in accordance with Section II of this Settlement Agreement.

IV.    **BENEFITS TO SETTLEMENT CLASS MEMBERS, AND PROCEDURES FOR PROVIDING BENEFITS TO SETTLEMENT CLASS MEMBERS**

A.    **Benefits to Settlement Class Members**

After the Effective Date, and in accordance with the terms of this Settlement Agreement and its exhibits, Global will provide benefits as follows:

1.    As soon as reasonably practicable, but not later than thirty (30) days after the Effective Date, Global will change its advertising and promotional materials as outlined in Exhibit C of this Settlement Agreement.  Additionally, as soon as reasonably practicable, but not later than thirty (30) days after the Effective Date, Global will initiate changes to the product packaging of the Riddex Devices as outlined in Exhibit C of this Settlement Agreement so that Riddex Devices packaged in the packaging containing the changes finally approved by the Court will hit retail shelves as soon as practicable after the Effective Date;

2.    For each Device purchased (via phone, internet, mail order catalog, or retail store), Settlement Class Members who submit a valid Claim Form will have the option to receive either a $14.95 cash refund or an additional Device (model will be the Plus/Pulse) for that purchase (or those purchases), subject to the requirements and limitations as set forth in the Claim Form; and

3.    Not later than two (2) weeks/fourteen (14) days after the Effective Date, Global shall pay awards to Plaintiffs in the amounts awarded by the Court (not to exceed $1,000 each).

**B.      Procedures for Providing Benefits to Settlement Class Members**

The Parties shall jointly ask the Court to approve KCC Class Action Services as the Claims Administrator.  The Claims Administrator shall perform the following functions in accordance with the terms of this Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order:

1.      Process requests for exclusion from the Settlement;

2.      Process objections to the Settlement;

3.      Process Claim Forms;

4.      Before disseminating the Settlement Notice, establish the Settlement Website;

5.      Set up and operate a toll-free automated interactive voice response system through which Settlement Class Members can access settlement information and facilitate notice packet requests; and

6.      Send via e-mail or mail claims forms and/or notice packets to all those who may request via the toll-free number or mail.

The Claims Administrator will review each Claim Form and ensure that each is properly substantiated and, based on the substantiation, determine the benefit to be provided in accordance with the terms of this Settlement Agreement.  After all claims have been processed, the Claims Administrator will provide Global and Class Counsel with the approved claimants list, including the distribution calculations for each claim, and details regarding any deficient Claim Forms and all claims marked for denial.  The Claims Administrator will maintain a database of filed claims, which will include all relevant information captured from the claim form.  During the claims filing period, the Claims Administrator will prepare and issue to Global

and Class Counsel case statistics on a weekly basis. These statistics will include, but not be limited to call count, claims filed by different type, total claims filed, website statistics, and other information that the Parties jointly request.

The Parties further agree that Global shall self-administer the dissemination of benefits specified above in paragraph IV. A.1 and A.2 as soon as reasonably practicable, but not later than six (6) weeks after the Effective Date.

## V.      NOTICE

### A.      Settlement Notice

The Parties agree that the Settlement Notice provides the Settlement Class and Settlement Class Members information sufficient to inform them of: the essential terms of this Settlement Agreement; appropriate means for obtaining additional information regarding the Settlement Agreement and the Lawsuit; and, appropriate information concerning the procedure for challenging or excluding themselves from the Settlement, if they should wish to do so.  To facilitate the efficient administration of this Settlement, and to ensure appropriate notice regarding the Settlement, the Parties have drafted the Settlement Notice.  The Parties will request the Court to approve the Settlement Notice in the Preliminary Approval Order.

Similarly, the Parties agree that the Publication Notice provides to the Settlement Class and Settlement Class Members information sufficient to inform them of: the essential terms of this Settlement Agreement; appropriate means for obtaining additional information regarding the Settlement Agreement and the Lawsuit; and, appropriate information about the procedure for challenging or excluding themselves from the Settlement, if they should wish to do so.  The Parties will request the Court to approve the Publication Notice in the Preliminary Approval Order.

**B.      Methods for Dissemination of Notice**

1.      **Dissemination of the Settlement Notice and Publication Notice**

As soon as practicable, but no later than three (3) weeks/ twenty-one (21) days after the Court's entry of the Preliminary Approval Order, Global and Digital Target Marketing shall disseminate to every member of the Settlement Class who reasonably can be identified in Global's records of original purchasers and current owners of the Devices, and for whom Global knows and has readily available a mailing address or an e-mail address, a copy of the Settlement Notice.  Digital Target Marketing will disseminate the Settlement Notice to members of the Settlement Class by email where an email address is known and readily available to Global. Global will disseminate the Settlement Notice to members of the Settlement Class by mail where a mailing address is known and readily available to Global, but an email address is not, and where Digital Target Marketing notifies Global that the e-mail Settlement Notice was returned "undeliverable" and a mailing address is known and readily available to Global.  In addition, as soon as practicable, but no later than one (1) week/ seven (7) days after the Court's entry of the Preliminary Approval Order, the Posted Notice and Claim Form will be posted on the Settlement Website, and linked to Global's website, www.globaltvconcepts.com.  Within five (5) weeks/ thirty-five (35) days after the entry of the Preliminary Approval Order, Global shall publish, cause to be published, or ensure that the Claims Administrator provided for below has published, the Publication Notice in a minimum 1/3 page ad in People magazine.  Finally, Global shall purchase, or cause to be purchased, One Hundred and Ten Million (110,000,000) unique internet impressions over a 4 to 8 week period that will target adults of 18 years of age and older and will allow access to the Settlement Website through an embedded hyperlink.

The Parties agree that the dissemination of the Settlement Notice and the Publication Notice in the manner specified in this Section V satisfies the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Parties will jointly request the Court to approve, in the Preliminary Approval Order, the dissemination of notice as set forth above in this Section V.

At or before the Fairness Hearing, Global will file with the Court a declaration of compliance with this plan of notice, including a statement of the number of addresses to which the Settlement Notice was e-mailed or mailed.

## VI.   COSTS OF NOTICE AND ADMINISTRATION

In addition to providing to Settlement Class Members the benefits described in Section IV above, Global will pay:  (A) the costs of preparing and disseminating the notices provided for in Section V above; and (B) the other Administration Expenses, including payments made for the services of the Claims Administrator.  Notwithstanding the foregoing, Global shall not be responsible for any cost that may be incurred by, on behalf of, or at the direction of Plaintiffs or Class Counsel in:  (A) responding to inquiries about the Settlement Agreement, the Settlement, or the Lawsuit; (B) posting the Publication Notice on Class Counsel's website, should that occur; (C) defending the Settlement Agreement or the Settlement against any challenge to it; or (D) defending against any challenge to any order or judgment entered pursuant to the Settlement Agreement.

## VII.   PROCEDURES FOR SETTLEMENT APPROVAL

### A.   Preliminary Approval

Plaintiffs shall move the Court to enter the Preliminary Approval Order, which request

Global will not oppose, and to set the following deadlines and Fairness Hearing date, all as

measured from the date on which the Court enters the Preliminary Approval Order:

- Ten (10) weeks/ seventy (70) days after entry of the Preliminary Approval Order:  Date on or before which Class Counsel must file with the Court, and serve on Defendant, Class Counsel's Application, pursuant to Section VIII below, for an award of attorneys' fees and reimbursement of costs incurred in the Lawsuit and for awards to Plaintiffs.

- Thirteen (13) weeks/ ninety-one (91) days after entry of the Preliminary Approval Order:  Date on or before which requests by members of the Settlement Class to be excluded from the Settlement must be either postmarked by the United States Postal Service or actually received by the Claims Administrator.

- Thirteen (13) weeks/ ninety-one (91) days after entry of the Preliminary Approval Order:  Date on or before which objections to certification of the Settlement Class, the designation of Plaintiffs as class representatives, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or Class Counsel's Application, together with all supporting memoranda and other material, must be filed with the Court and served on Class Counsel and Defendant.

- Thirteen (13) weeks/ ninety-one (91) days after entry of the Preliminary Approval Order:  Date on or before which any Person or attorney seeking to appear at the Fairness Hearing, for the purpose of objecting to certification of the Settlement Class, the designation of Plaintiffs as representatives of the Settlement Class, the appointment of Class Counsel, the Settlement, or the Settlement Agreement, must file with the Court and serve on Class Counsel and Defendant an entry of appearance in the Lawsuit and notice of intention to appear at the Fairness Hearing.

- Fifteen (15) weeks/ one hundred and five (105) days after entry of the Preliminary Approval Order:  Date on or before which the Parties and any other Persons must file with the Court and serve on each other any memorandum or other material they wish to submit in response to any objections to certification of the Settlement Class, the designation of Plaintiffs as representatives of the Settlement Class, the appointment of Class Counsel, the Settlement, the Settlement Agreement, or Class

Counsel's Application, or otherwise in support of certification of the Settlement Class, the Settlement, or the Settlement Agreement.

- Fifteen (15) weeks/ one hundred and five (105) days after entry of the Preliminary Approval Order:  Date on or before which Class Counsel must file with the Court and serve on Defendant's counsel, both by first-class United States Mail and e-mail, any memorandum or additional material they wish to submit in support of Class Counsel's Application.

- Sixteen (16) weeks/ one hundred and twelve (112) days or more after entry of the Preliminary Approval Order:  Date of Fairness Hearing.

- Twenty-two (22) weeks/ one hundred and fifty-four (154) days after entry of the Preliminary Approval Order:  Date on or before which Claim Forms from members of the Settlement Class to participate in the Settlement must be either postmarked by the United States Postal Service or actually received by the Claims Administrator.

**B.     Final Approval**

At the Fairness Hearing, the Parties will jointly request the Court to enter the Final Approval Order, which:  (1) grants final approval of the certification of the Settlement Class, designation of the class representative, and designation of Class Counsel conditionally approved in the Preliminary Approval Order; (2) grants final approval to the Settlement and this Settlement Agreement as fair, reasonable, and adequate to the Settlement Class; (3) provides for the release of all Released Claims and enjoins Settlement Class Members from asserting, filing, maintaining, or prosecuting any of the Released Claims in the future; (4) orders the entry of judgment for Defendant on all claims, causes of action, and counts alleged in the Lawsuit, and incorporates the releases stated in this Settlement Agreement, with each of the Parties to bear its or his own costs and attorneys' fees, except as provided in Section VIII below; (5) authorizes the payment by Global of Class Counsel's attorneys' fees and expenses in accordance with Section VIII below and the terms of the Settlement Agreement; and (6) preserves the Court's continuing jurisdiction over the administration of the Settlement and enforcement of the Settlement Agreement.

VIII.   **CLASS COUNSEL'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS, AND FOR AN AWARD TO PLAINTIFFS**

A.      Class Counsel will submit to the Court an application seeking an award of not more than $312,500 in attorneys' fees, expenses, and costs and awards to Plaintiffs in the amount of $1,000 each.  Class Counsel will not request and will not accept more than these amounts.

B.      Global agrees that it will not object to the amount of Class Counsel's application up to the amounts set forth in the preceding paragraph, and agrees that it will, contingent on entry of the Final Approval Order, pay the amounts approved by the Court up to the amounts set forth in the preceding paragraph, as follows:  $200,000 to be paid upon final settlement approval by the Court and an additional $112,500, with $10,000 to be paid monthly for 10 months following final settlement approval and a final payment in the 11th month of $12,500.  Global shall make these payments by depositing through a wire exchange, into a joint trust account to be identified by Class Counsel, the sum so awarded and approved by the Court.  Class Counsel shall provide to Global in a timely manner all wiring and account information necessary to enable Global to make these payments within the time required.

C.      Any portion of the fee award that is paid prior to the Effective Date is subject to Class Counsel's obligation to make appropriate repayments to Global, if, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Settlement is terminated or the fee or cost award is reduced or reversed.  It is not a condition of this Settlement Agreement that any particular attorneys' fees, costs or expenses be awarded by the Court.

IX.     **RELEASES**

A.      By executing this Settlement Agreement, the Parties acknowledge that, upon both the entry of the Final Approval Order by the Court, and the passing of the Effective Date, the Lawsuit shall be dismissed with prejudice, an order of dismissal with prejudice shall be entered, and all Released Claims shall thereby be conclusively settled, compromised, satisfied, and released as to the Releasees.  The Final Approval Order shall provide for and effect the full and final release, by Plaintiffs and all Settlement Class Members, of all Released Claims.

B.      The Released Claims include all known and unknown claims, actions, and causes of action relating to the Devices, other than claims for personal injury, and this Settlement Agreement is expressly intended to cover and include all such claims, actions, and causes of action, for losses or damages of any type.  Settlement Class Members hereby expressly, knowingly, and voluntarily waive any provision of any state or federal statutory or case law that provide that a general release does not extend to claims that the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by the creditor must have materially affected his or her settlement with the debtor.  Settlement Class Members hereby expressly, knowingly, and voluntarily waive the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Settlement Class Members expressly waive and relinquish all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the

California Civil Code and of all similar laws of other States, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.

C.      The Settlement Class Members hereby expressly waive and relinquish all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of state and federal statutory or case law, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  The Settlement Class Members hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those which they now know or believe to exist with respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected, that they have against Releasees.  In furtherance of such intention, the release herein given by the Settlement Class Members to the Releasees shall be and remain in effect as a full and complete general release of all claims notwithstanding the discovery or existence of any such additional different claims or facts.

D.      The Final Approval Order shall further provide for and effect the release of all actions, causes of action, claims, administrative claims, demands, debts, damages, costs, attorney's fees, obligations, judgments, expenses, compensation, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, that Global now has against Plaintiffs, Settlement Class Members, Class Counsel, or Plaintiffs' Counsel by reason of any act, omission, harm, matter, cause, or event whatsoever arising out of the initiation, prosecution, or settlement of the Lawsuit or the claims and defenses asserted in the Lawsuit.

E.      Notwithstanding the above, the Court shall retain jurisdiction over the

Parties and the Settlement Agreement with respect to the future performance of the terms

of the Settlement Agreement, and to assure that all payments and other actions required

of any of the Parties by the Settlement are properly made or taken.

## X.      REPRESENTATIONS AND WARRANTIES

Each of the Parties represents and warrants to, and agrees with, each of the other Parties

as follows:

A.      Each of the Parties has had the opportunity to receive, and has received,

independent legal advice from his or its attorneys regarding the advisability of making

the Settlement, the advisability of executing this Settlement Agreement, and the legal and

income-tax consequences of this Settlement Agreement, and fully understands and

accepts the terms of this Settlement Agreement.

B.      Plaintiffs represent and warrant that no portion of any claim, right,

demand, action, or cause of action against any of the Releasees that Plaintiffs have or

may have arising out of the Lawsuit or pertaining to the design, manufacture, testing,

marketing, purchase, use, sale, servicing, or disposal of the Device otherwise referred to

in this Settlement Agreement, and no portion of any recovery or settlement to which

Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs

in any manner; and no Person other than Plaintiffs has any legal or equitable interest in

the claims, demands, actions, or causes of action referred to in this Settlement Agreement

as those of Plaintiffs themselves.

C.      None of the Parties relies or has relied on any statement, representation,

omission, inducement, or promise of any other party (or any officer, agent, employee,

representative, or attorney for any other party) in executing this Settlement Agreement, or in making the Settlement provided for herein, except as expressly stated in this Settlement Agreement.

D.     Each of the Parties has investigated the facts pertaining to the Settlement and this Settlement Agreement, and all matters pertaining thereto, to the full extent deemed necessary by that party and his or its attorneys.

E.     Each of the Parties has carefully read, and knows and understands, the full contents of this Settlement Agreement and is voluntarily entering into this Settlement Agreement after having had the opportunity to consult with, and having in fact consulted with, his or its attorneys.

F.     Each term of this Settlement Agreement, under the titles of the various Sections, is contractual and not merely a recital.

## XI.     MISCELLANEOUS

### A.     Conditional Nature of Settlement

Defendant and Plaintiffs shall each have the right to terminate the Settlement by providing written notice of their election to do so to the other within thirty (30) days of:  (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Settlement Agreement or any material part of it; (c) the Court's declining to enter the Final Approval Order in any material respect; (d) the date upon which the Final Approval Order is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (e) in the event that the Court enters an order and final judgment in a form other than that provided above ("Alternative Judgment") and none of the parties hereto elect to

terminate this Settlement, the date that such Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

**B.  Effectiveness, Amendments, and Binding Nature**

This Settlement Agreement may be amended only by a written agreement signed by the Parties.  Except as otherwise stated above, each of the Parties, including Plaintiffs on behalf of themselves and the Settlement Class, expressly accepts and assumes the risk that, if facts or laws pertinent to matters covered by this Settlement Agreement are hereafter found to be other than as now believed or assumed by that party to be true or applicable, this Settlement Agreement shall nevertheless remain effective.

This Settlement Agreement is binding on, and shall inure to the benefit of, the Parties and their respective agents, employees, representatives, officers, directors, parents, subsidiaries, assigns, executors, administrators, insurers, and successors in interest.  All Releasees other than Defendant, which is a Party, are intended to be third-party beneficiaries of this Settlement Agreement.

**C.  Cooperation in Implementation**

Defendant, Plaintiffs, and their respective counsel agree to prepare and execute any additional documents that may reasonably be necessary to effectuate the terms of this Settlement Agreement.

**D.  Governing Law**

This Settlement Agreement shall be construed and governed in accordance with the laws of the State of Florida, without regard to Florida's conflict-of-laws principles.

**E.  No Admission of Liability**

The Parties are entering into this Settlement Agreement for the purpose of compromising and settling disputed claims.  Nothing in this Settlement Agreement or in the documents relating

to this Settlement Agreement shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity, regardless of whether this Settlement Agreement ultimately becomes effective.

### F.      Stay Pending Court Approval

Plaintiffs' Counsel and Defendant's counsel agree to stay all proceedings, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement, until the Effective Date of the Settlement has occurred.  If, despite the Parties' best efforts, this Settlement Agreement should fail to become effective, the Parties will return to their prior positions in the Lawsuit, in accordance with Section II of this Settlement Agreement.

The Parties also agree to use their best efforts to seek the stay and dismissal of, and to oppose entry of any interim or final relief in favor of any Settlement Class Member in, any other proceedings against any of the Releasees which challenges the Settlement or otherwise asserts or involves, directly or indirectly, a Released Claim.

### G.      Signatures

This Settlement Agreement may be executed in counterparts, and, when so executed, shall constitute a binding original.

_(signature)_

For Plaintiff Cathie Colvin
William H. Anderson, Esq.
Dated: 9/30/13

For Plaintiff Mark Gjolaj
Jennifer S. Czeisler, Esq.
Dated:_____

_____
For Defendant Global Concepts Limited, Inc. d/b/a
Global TV Concepts, LTD.
Printed
Name:_____

Title:_____
Dated:_____

**Counsel for Plaintiffs and the Settlement Class:**

By: _(signature)_

Charles J. LaDuca, Esq.
Admitted Pro Hac Vice
charlesl@cuneolaw.com
William H. Anderson, Esq.
Admitted Pro Hac Vice
wanderson@cuneolaw.com
**CUNEO GILBERT & LADUCA, LLP**
507 C Street, NE
Washington, DC  20002
Tel:  (202) 789-3960
Fax: (202) 789-1813

By: _____

Jon M. Herskowitz, Esq.
Florida Bar No. 814032
jon@bhfloridalaw.com
**BARON & HERSKOWITZ, LLP**
9100 South Dadeland Boulevard
One Datran Center, Suite 1704
Miami, FL  33156
Tel:  (305) 670-0101
Fax: (305) 670-2393

26

_____
For Plaintiff Cathie Colvin
William H. Anderson, Esq.
Dated:_____

_____
For Plaintiff Mark Gjolaj
Jennifer S. Czeisler, Esq.
Dated:_____

_____
For Defendant Global Concepts Limited, Inc. d/b/a
Global TV Concepts, LTD.
Printed     _Laprie Broder_
Name:_____
Title:     _President_
Dated:     _9/30/13_

**Counsel for Plaintiffs and the Settlement
Class:**

By: _____

    Charles J. LaDuca, Esq.
    Admitted Pro Hac Vice
    charlesl@cuneolaw.com
    William H. Anderson, Esq.
    Admitted Pro Hac Vice
    wanderson@cuneolaw.com
    **CUNEO GILBERT & LADUCA, LLP**
    507 C Street, NE
    Washington, DC  20002
    Tel:  (202) 789-3960
    Fax: (202) 789-1813

By: _____

    Jon M. Herskowitz, Esq.
    Florida Bar No. 814032
    jon@bhfloridalaw.com
    **BARON & HERSKOWITZ, LLP**
    9100 South Dadeland Boulevard
    One Datran Center, Suite 1704
    Miami, FL  33156
    Tel:  (305) 670-0101
    Fax: (305) 670-2393

_____
For Plaintiff Cathie Colvin
William H. Anderson, Esq.
Dated:_____

_____
For Plaintiff Mark Gjolaj
Jennifer S. Czeisler, Esq.
Dated:_____

_____
For Defendant Global Concepts Limited, Inc. d/b/a
Global TV Concepts, LTD.
Printed
Name:_____

Title:_____
Dated:_____

*Counsel for Plaintiffs and the Settlement
Class:*

By: _____
    Charles J. LaDuca, Esq.
    Admitted Pro Hac Vice
    charlesl@cuneolaw.com
    William H. Anderson, Esq.
    Admitted Pro Hac Vice
    wanderson@cuneolaw.com
    **CUNEO GILBERT & LADUCA, LLP**
    507 C Street, NE
    Washington, DC  20002
    Tel:  (202) 789-3960
    Fax: (202) 789-1813

By: _____
    Jon M. Herskowitz, Esq.
    Florida Bar No. 814032
    jon@bhfloridalaw.com
    **BARON & HERSKOWITZ, LLP**
    9100 South Dadeland Boulevard
    One Datran Center, Suite 1704
    Miami, FL  33156
    Tel:  (305) 670-0101
    Fax: (305) 670-2393

_____
For Plaintiff Cathie Colvin
William H. Anderson, Esq.
Dated:_____

_____
For Plaintiff Mark Gjolaj
Jennifer S. Czeisler, Esq.
Dated:    9/30/13

_____
For Defendant Global Concepts Limited, Inc. d/b/a
Global TV Concepts, LTD.
Printed
Name:_____

Title:_____
Dated:_____

*Counsel for Plaintiffs and the Settlement Class:*

By: _____

    Charles J. LaDuca, Esq.
    Admitted Pro Hac Vice
    charlesl@cuneolaw.com
    William H. Anderson, Esq.
    Admitted Pro Hac Vice
    wanderson@cuneolaw.com
    **CUNEO GILBERT & LADUCA, LLP**
    507 C Street, NE
    Washington, DC 20002
    Tel: (202) 789-3960
    Fax: (202) 789-1813

By: _____

    Jon M. Herskowitz, Esq.
    Florida Bar No. 814032
    jon@bhfloridalaw.com
    **BARON & HERSKOWITZ, LLP**
    9100 South Dadeland Boulevard
    One Datran Center, Suite 1704
    Miami, FL 33156
    Tel: (305) 670-0101
    Fax: (305) 670-2393

26

By: _____
    Sanford P. Dumain, Esq.
    sdumain@milberg.com
    Andrei V. Rado, Esq.
    arado@milberg.com
    Jennifer Czeisler, Esq.
    jczeisler@milberg.com
    Johnathan P. Seredynski, Esq.
    jseredynski@milberg.com
    **MILBERG LLP**
    One Penn Plaza
    New York, NY 10119-0165
    Tel: (212) 594-5300
    Fax: (212) 868-1229

    Diana Gjonaj
    dgjonaj@milberg.com
    **MILBERG LLP**
    777 Woodward Avenue, Suite 890
    Detroit, MI 48226
    Tel: (313) 309-1760
    Fax: (313) 447-2038

By: _____
    Brian W. Warwick, Esq.
    Florida Bar No. 605573
    bwarwick@varnellandwarwick.com
    Janet R. Varnell, Esq.
    Florida Bar No. 071072
    jvarnell@varnellandwarwick.com
    **VARNELL & WARWICK, P.A.**
    20 LaGrande Boulevard
    The Villages, FL 32159
    Tel: (352) 753-8600
    Fax: (352) 753-8606

27

By: _____

    Sanford P. Dumain, Esq.
    sdumain@milberg.com
    Andrei V. Rado, Esq.
    arado@milberg.com
    Jennifer Czeisler, Esq.
    jczeisler@milberg.com
    Johnathan P. Seredynski, Esq.
    jseredynski@milberg.com
    **MILBERG LLP**
    One Penn Plaza
    New York, NY  10119-0165
    Tel:  (212) 594-5300
    Fax: (212) 868-1229

    Diana Gjonaj
    dgjonaj@milberg.com
    **MILBERG LLP**
    777 Woodward Avenue, Suite 890
    Detroit, MI  48226
    Tel:  (313) 309-1760
    Fax: (313) 447-2038

By: _____

    Brian W. Warwick, Esq.
    Florida Bar No. 605573
    bwarwick@varnellandwarwick.com
    Janet R. Varnell, Esq.
    Florida Bar No. 071072
    jvarnell@varnellandwarwick.com
    **VARNELL & WARWICK, P.A.**
    20 LaGrande Boulevard
    The Villages, FL  32159
    Tel:  (352) 753-8600
    Fax: (352) 753-8606

*Counsel for Defendant:*

By: _____
E. Colin Thompson, Esq.
Florida Bar No. 684929
colin.thompson@dlapiper.com
J. Trumon Phillips, Esq.
Florida Bar No. 84568
trumon.phillips@dlapiper.com
**DLA PIPER LLP (US)**
100 North Tampa Street, Suite 2200
Tampa, FL  33602
Tel:  (813) 229-2111
Fax: (813) 229-1447

Rachel B. Mervis, Esq.
Florida Bar No. 0086147
rachel.mervis@dlapiper.com
**DLA PIPER LLP (US)**
200 South Biscayne Boulevard
Suite 2500
Miami, Florida  33131
Telephone: 305.423.8557
Facsimile:  305.675. 8027

28