# SETTLEMENT AGREEMENT EXHIBIT A:

# PRELIMINARY APPROVAL ORDER

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 12-23064-Civ-COOKE**

*In re* GLOBAL CONCEPTS LIMITED, INC.,
d/b/a GLOBAL TV CONCEPTS, LTD., *et al.*                    CLASS ACTION

     Defendants.

**[PROPOSED] ORDER GRANTING PRELIMINARY**
**APPROVAL TO CLASS ACTION SETTLEMENT**

On September 30, 2013, Plaintiffs Cathie Colvin and Mark Gjolaj, on behalf of

themselves and a putative nationwide class (the "Settlement Class"), and Defendant Global

Concepts Limited, Inc. d/b/a Global TV Concepts, LTD. ("Global") (collectively, the "Parties"),

executed a proposed Settlement Agreement (the "Settlement Agreement").  Pursuant to the

Settlement Agreement, Plaintiffs moved for entry of an order granting preliminary approval to

the settlement provided for in the Settlement Agreement (the "Settlement").  Having reviewed

the Settlement Agreement and considered the submissions in support of preliminary approval of

the Settlement, the Court now finds, concludes, and orders as follows:

**I.**     **CERTIFICATION OF A NATIONWIDE SETTLEMENT CLASS**

The Settlement Agreement provides for a nationwide class settlement of the claims that

are the subject of this litigation.

A.     The Court has considered the (1) allegations, information, arguments, and

authorities provided by the Parties in connection with pleadings previously filed in this

case; (2) information, arguments, and authorities provided by Plaintiffs in their

memoranda of points and authorities submitted in support of their unopposed  motion for

entry of an order granting preliminary approval to the Settlement; (3) the terms of the

Settlement Agreement, including, but not limited to, the definition of the Settlement

Class and the benefits to be provided to the Settlement Class; and (4) the Settlement's elimination of any potential manageability issue, ascertainability issue, and individualized issues of fact and law that could have had a bearing on the certification of a nationwide class for trial in this case.  Based on those considerations, the Court hereby finds as follows:

1.      Since at least January 1, 2006, Global manufactured, advertised for sale, sold, and/or distributed to others to sell, Riddex®-brand electromagnetic pest repelling aids, models Riddex Plus (marketed as "Riddex Pulse"), Riddex Power Plus, Riddex Quad, and Riddex Power Guardian  (the "Devices")

2.      Persons and entities throughout the nation purchased, from entities authorized to sell Devices, approximately 2,900,000 Devices that were manufactured, sold, and/or distributed by Global.  Accordingly, there are hundreds of thousands, if not over 1,000,000, purchasers of the Devices.  Either way, the number of purchasers of the Devices readily satisfies the numerosity requirement of Rule 23 of the Federal Rules of Civil Procedure.  Global does not contest this numerosity.

3.      There are questions of law and fact common to all members of the Settlement Class based on Global's manufacture, advertising, sale and distribution of the Devices.  Such questions include, but are not necessarily limited to, the following:

a.      Whether the Devices repel pest as described in marketing materials and on the Devices' retail packaging;

b.      Whether the marketing statements violated FDUTPA or other state consumer protection acts;

c.      Whether the marketing statements created express warranties that were ultimately breached;

d.      Whether Plaintiffs and the members of the Settlement Class are entitled to damages and associated injunctive relief.

4.      Plaintiffs' claims are typical of the claims of the Settlement Class. Plaintiffs are members of the Settlement Class and allege that they have been damaged by the same conduct of Global that they allege has damaged other members of the Settlement Class.  Plaintiffs' claims are not in conflict with or antagonistic to the claims of the Settlement Class as a whole.  The claims of Plaintiffs and other members of the Settlement Class are based upon corresponding theories.

5.      The Settlement Class is ascertainable.  The unnamed members of the Settlement Class have in common that each of them purchased a Device.

6.      Plaintiffs can fairly, fully, and adequately protect the interests of the Settlement Class.  Plaintiffs' counsel are experienced in prosecuting complex class action litigation, and Plaintiffs and their counsel have no interest that conflicts with, or is adverse to, the interests of the Settlement Class.

7.      Questions of law and fact common to all members of the Settlement Class predominate over any questions affecting only individual members for settlement purposes.

3

8.   A nationwide class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

B.   Pursuant to Federal Rule of Procedure 23, the Court hereby provisionally certifies the following Settlement Class for settlement purposes only:

> Each person in the United States and its territories who from January 1, 2006 to August 31, 2013 purchased a Riddex brand electromagnetic pest repelling aid device (models Riddex Plus (marketed as "Riddex Pulse"), Riddex Power Plus, Riddex Quad, or Riddex Power Guardian) other than for resale or distribution. Excluded from the Settlement Class are officers, directors, and employees of Global and their parents and subsidiaries, as well as judicial officers and employees of the Court.

C.   Plaintiffs are appointed as the representatives of the Settlement Class, and the law firms Baron & Herskowitz, LLP, Cuneo Gilbert & Laduca, LLP, Milberg LLP, and Varnell & Warwick, P.A. are appointed as Class Counsel for the Settlement Class.

D.   If for any reason the Settlement Agreement ultimately does not become effective, Global's conditional stipulation to certification of the Settlement Class provided for in this paragraph D shall be null and void, and the Parties shall return to their respective positions in this Lawsuit as those positions existed as of June 12, 2013. Nothing stated in the Settlement Agreement or in this Order shall be deemed an admission or waiver of any kind by either of the Parties or used as evidence against, or over the objection of, either of the Parties for any purpose in this action or in any other action or proceeding of any kind.

## II.   PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT

Global has at all times disputed, and continues to dispute, Plaintiffs' factual allegations in this lawsuit and to deny any liability for any of the claims that have or could have been alleged by Plaintiffs or other members of the Settlement Class.

4

A.     The Settlement requires Global to provide specified benefits to each member of the Settlement Class.  The Settlement provides prospective injunctive relief in the form of changes to Global's advertising, packaging, and promotional materials, offering all customers (retail, internet, or telephone) the option to receive either a $14.95 refund or an additional Device (model will be the Plus/Pulse) for each Device purchased subject to the requirements and limitations set forth in the Claim Form, and awards to Plaintiffs in the amounts awarded by the Court (not to exceed $1,000 each).

B.     On a preliminary basis, therefore, taking into account (1) the value of the benefits to be provided by the Settlement to the eligible members of the Settlement Class; (2) the defenses asserted by Global in pleadings before this Court, (3) the risks to the members of the Settlement Class that Global would successfully defend against claims arising out of the facts and legal theories pled and asserted in this case, whether litigated by members of the Settlement Class themselves or on their behalf in a class action, and (4) the length of time that would be required for members of the Settlement Class, or any group of members of the Settlement Class, to obtain a final judgment through one or more trials and appeals, the Settlement appears fair, reasonable, and adequate.  Moreover, the parties have reached the Settlement after vigorous litigation, significant investigation and discovery conducted by Plaintiffs, Class Counsel, and Global, and a protracted, arm's-length negotiation process facilitated by a mediator.  For all these reasons, the Settlement falls within the appropriate range of possible approval and does not appear in any way to be the product of collusion.

C.     Accordingly, the Settlement Agreement and corresponding Settlement are hereby preliminarily approved.

5

D.    The Court hereby adopts and incorporates the terms of the Settlement

Agreement for the purposes of this Preliminary Approval Order, including the Definitions

set forth in the Settlement Agreement.

## III.   APPROVAL OF THE SETTLEMENT NOTICE, THE PUBLICATION NOTICE, AND THE PLAN FOR DISTRIBUTING THE NOTICES

As provided for in the Settlement Agreement, the Parties have submitted a proposed

Settlement Notice, a copy of which is attached to this Order as Exhibit 1; a proposed Posted

Notice, a copy of which is attached to this Order as Exhibit 2; a proposed Publication Notice, a

copy of which is attached to this Order as Exhibit 3; a proposed Claim Form, a copy of which is

attached to this Order as Exhibit 4; and a plan for distributing the Settlement Notice to the

Settlement Class.  Having reviewed each, the Court finds and concludes as follows:

A.    Distribution of the Settlement Notice and Publication Notice in

substantially the form attached hereto is the only notice required, and such notice satisfies

the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the

Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and

constitutes the best notice practicable under the circumstances and shall constitute due

and sufficient notice to all persons entitled thereto.

B.    The Settlement Notice and Publication Notice fairly, accurately, and

reasonably inform members of the Settlement Class of:  (1) appropriate information about

the nature of this litigation and the essential terms of the Settlement Agreement; (2)

appropriate information about how to obtain additional information regarding this matter

and the Settlement Agreement; and (3) appropriate information about how to challenge,

or exclude themselves from, the Settlement, if they wish to do so.  The Settlement Notice

and Publication Notice also fairly and adequately inform members of the Settlement

6

Class that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Fairness Hearing (as that term is defined in the Settlement Agreement) or otherwise to contest approval of the Settlement or to appeal from any order or judgment entered by the Court in connection with the Settlement.

Accordingly, the Court hereby Orders as follows:

1.       The form and content of the proposed Settlement Notice, Posted Notice, Publication Notice, and Claim Form are hereby approved.

2.       Promptly following the entry of this Order, the Parties shall prepare final versions of the Settlement Notice and the Publication Notice, and incorporate into each of them the Fairness Hearing date and deadlines set forth in paragraph IV of this Order.

3.       Within one week/ seven (7) days after the entry of this Order, Global, through the Claims Administrator, shall cause the Posted Notice and Claim Form to be posted on the Claims Administrator's website, www.riddexclasssettlement.com (the "Settlement Website"), and linked to Global's website, www.globaltvconcepts.com.

4.       Within three (3) weeks/twenty-one (21) days after the entry of this Order, Global shall send, or cause to be sent, by e-mail (to all those purchasers for which an email address is readily available in Global's records of purchases of the Devices) or first-class United States mail (to all those for which a email address is not readily available in Global's records of purchases of the Devices and for all those for which an attempted email notice was "undeliverable" and for which a

7

postal address is readily available in Global's records), a copy of the Settlement

Notice.  Before mailing the Settlement Notice, Global will obtain or cause to be

obtained address updates utilizing a National Change of Address database.  In

mailing the Settlement Notice, Global will use any updated addresses thus

obtained.  If any Settlement Notice is returned to Global bearing a forwarding

address for a member of the Settlement Class Global shall make one attempt to

mail the Settlement Notice to that class member's forwarding address.

5.       Within five (5) weeks/thirty-five (35) days after the entry of the

Preliminary Approval Order, Global shall publish, cause to be published,  the

Publication Notice in a minimum 1/3 page ad in People magazine.

6.       Global shall purchase, or cause to be purchased, One Hundred and

Ten Million (110,000,000) unique internet impressions over a 4 to 8 week period

that will target adults of 18 years of age and older and will allow access to the

Settlement Website through an embedded hyperlink.

7.       This civil action was commenced after February 18, 2005.  As a

result, the Court directs Defendants to notify the appropriate Federal and State

officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.  Global's

Counsel shall file with the Court proof of compliance with the Class Action

Fairness Act of 2005, 28 U.S.C. § 1715.

8.       At or before the Fairness Hearing, Global shall file with this Court

a declaration of compliance with paragraphs 3, 4, 5, 6 and 7 above.

9.      KCC Class Action Services is hereby approved as the Claims Administrator, whose reasonable costs in administering the Settlement are to be paid by Global.

10.     The Claims Administrator shall perform the following functions in accordance with the Settlement Agreement, this Order, and subsequent orders that may be entered by this Court in this case:

      a.      Establish a postal address to which Settlement Class Members can request to be excluded from the Settlement Class.

      b.      Establish the Settlement Website, which Settlement Class Members can visit to review the Settlement Notice and the Settlement Agreement and obtain a Claim Form and other information regarding the Settlement

      c.      Set up and operate a toll-free automated interactive voice response system through which Settlement Class Members can access settlement information and facilitate requests for the Settlement Notice and a Claim Form, and other settlement information, can be sent to them via mail or email.

      d.      Send via email or mail claim forms and/or notice packets to all those who may request via the toll-free number or mail.

      e.      Process requests for exclusion from the Settlement in accordance with Section IV.B of the Settlement Agreement.

f.      Promptly provide to Class Counsel and Global's counsel copies of the Requests for Exclusion and a list of the names of all persons who submitted Requests for Exclusion.  Class Counsel and Global shall jointly report in writing to the Court, within fifteen (15) weeks/one hundred and five (105) days after the entry of this Order, the names of all such persons

g.      Process objections to the Settlement.

h.      Provide to Class Counsel and Global's counsel, in the time and manner specified in the Settlement Agreement, all information and materials that the Settlement Agreement specifies are to be provided to them by the Claims Administrator.

i.      Process Claim Forms as follows:

i.      The Claims Administrator will begin to review and process claims immediately after the Effective Date.

ii.      The Claims Administrator will review each Claim Form and ensure that each is properly substantiated and, based on the substantiation, determine the benefit to be provided in accordance with the terms of the Settlement Agreement, this Order, and any subsequent Orders entered by the Court.

iii.      After all claims have been processed, the Claims Administrator will provide Global and Class Counsel with the

10

approved claimants list, including the distribution calculations for

each claim, and details regarding any deficient Claim Forms and

all claims marked for denial.

    iv.    The Claims Administrator will maintain a database

of filed claims, which will include all relevant information

captured from the claim form.

## IV.    PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A.    Fairness Hearing

The Court hereby schedules on _____, 2014, which date is approximately

(and no less than) sixteen (16) weeks/one hundred and twelve (112) days after the entry of this

Order, a Fairness Hearing to determine whether the certification of the Settlement Class, the

designation of Plaintiffs as class representatives, the appointment of Class Counsel, the

Settlement Agreement, and the Settlement should receive final approval.  At that time, the Court

also will consider an application for an award of attorneys' fees and costs to Class Counsel and

for awards to Plaintiffs, all in accordance with the terms of the Settlement Agreement (the

"Application").

### B.    Deadline for Requests for Exclusion from the Settlement Class

Members of the Settlement Class who wish to be excluded from the Settlement Class

must mail their requests for exclusion to the Claims Administrator by first-class United States

mail, postmarked by the United States Postal Service no later than thirteen (13) weeks/ninety-one

(91) days after the entry of this Order.  Any Request for Exclusion submitted in any other

manner shall be deemed to have been submitted when actually received by the Claims

Administrator.  Settlement Class Members shall be bound by all determinations and judgments in

this Lawsuit, whether favorable or unfavorable, unless such persons request exclusion from the

Class in a timely and proper manner.

### C.        Deadline for Class Counsel to File Fee Application

No later than ten (10) weeks/seventy (70) days after the entry of this Order, Class

Counsel shall file with this Court, and serve on Global, Class Counsel's Application, pursuant to

the Settlement Agreement, for an award of attorneys' fees and reimbursement of costs incurred

in the lawsuit and for awards to Plaintiffs.

### D.        Deadline for Filing Objections and Requests to Appear

All objections to certification of the Settlement Class, the designation of Plaintiffs as

class representatives, the appointment of Class Counsel, the Settlement, the Settlement

Agreement, or Class Counsel's Application, shall be made in writing and, no later than thirteen

(13) weeks/ninety-one (91) days after the entry of this Order, filed with this Court and mailed to

Class Counsel and Global's counsel, by first-class United States Mail, at the following addresses:

To Global's Counsel:                         To Class Counsel:

E. Colin Thompson                            William H. Anderson
DLA PIPER LLP                                CUNEO GILBERT & LADUCA, LLP
100 North Tampa Street, Suite 2200           507 C Street, NE
Tampa, FL  33602                             Washington, DC  20002

Any written objection must include:  (i) your name, address, and telephone number; (ii)

the full case name and number (In re: Global Concepts Limited, Inc. d/b/a Global TV Concepts,

Ltd., Case No. 1:12-cv-23064-MGC); (iii) a statement that you are a Settlement Class Member;

(iv) a statement of each objection asserted; (v) a detailed description of the facts underlying each

objection; (vi) a detailed description of the legal authorities supporting each objection; (vii) a

statement of whether you intend to appear and speak at the Fairness Hearing and, if so, how

much time the you anticipate needing to present the objection; (viii) a list of the exhibits that you

may offer during the Fairness Hearing, along with copies of such exhibits; and (ix) your

signature.  In addition, if applicable, please include:  (i) the identity of all counsel who represent

you, including any former or current counsel who may be entitled to compensation for any

reason related to your objection; (ii) the number of times in which you, your counsel (if any), or

your counsel's law firm (if any) has objected to a class action settlement within the three years

preceding the date that the objector files the objection and the caption of each case in which such

objection was made; and (iii) a statement disclosing any consideration that you, your counsel (if

any), or your counsel's law firm (if any) has received in connection with the resolution or

dismissal of an objection to a class action settlement within the three years preceding the date

that the objector files the objection.  Any papers not filed and served in the prescribed manner

and time will not be considered at the Fairness Hearing, and all objections not made in the

prescribed manner and time shall be deemed waived.

        Any memorandum or other material the Parties wish to submit in response to any

objections to the certification of the Settlement Class, the designation of Plaintiffs as

representatives of the Settlement Class, the appointment of Class Counsel, the Settlement, the

Settlement Agreement, or Class Counsel's Application, or otherwise in support of the Settlement

Class, the Settlement, the Settlement Agreement, or Class Counsel's Application, shall be made

in writing and, no later than fifteen (15) weeks/one hundred and five (105) days after the entry of

this Order, filed with this Court and served on each other.

        All persons wishing to appear at the Fairness Hearing, either in person or by counsel, for

the purpose of objecting to any aspect of the certification of the Settlement Class, the designation

of Plaintiffs as representatives of the Settlement Class, the appointment of Class Counsel, the

Settlement, the Settlement Agreement, or Class Counsel's Application, must file with the Court

and serve, on Class Counsel and Global's counsel, no later than thirteen (13) weeks/ninety-one (91) days after the entry of this Order, a notice of their intention to appear setting forth the basis of their objections and summarizing the nature and source of any evidence they intend to present at the Fairness Hearing.

## V.    CLAIMS PROCESS

In order to be entitled to an additional Device (model will be the Plus/Pulse) or refund in accordance with the terms and conditions set forth in the Settlement, a Settlement Class Member shall take the following actions and be subject to the following conditions:

a.    Members of the Settlement Class who wish to benefit from the Settlement must mail their Claim Form to the Claims Administrator by first-class United States mail, postmarked by the United States Postal Service no later than twenty-two (22) weeks/one hundred and fifty-four (154) days after the entry of this Order.  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator.  For each Device purchased (via phone, internet, mail order catalog, or retail store), Settlement Class members customers who submit a valid Claim Form will have the option to receive either a $14.95 cash refund or an additional Device (model will be the Plus/Pulse) for that purchase (or those purchases), subject to the requirements and limitations as set forth in the Claim Form.

b.    The Claims Administrator will review each Claim Form and ensure that each is properly substantiated and, based on the

substantiation, determine the benefit to be provided in accordance with the terms of this Settlement Agreement.

c.       For each Device purchased (via phone, internet, mail order catalog, or retail store), Settlement Class members customers who submit a valid Claim Form will have the option to receive either a $14.95 cash refund or an additional Device (model will be the Plus/Pulse)  for that purchase (or those purchases).  However, as set forth in the requirements and limitations as described in the Claim Form, those claimants who substantiate their claim only by a valid Sworn Statement are limited to either (i) a maximum of refunds for two Devices ($14.95 each, $29.90 total); (ii) a maximum of two additional Devices (models will be the Plus/Pulse); or, (iii) a refund for one Device ($14.95) and one additional Device (model will be the Plus/Pulse).

## VI.    STAY OF PROCEEDINGS

Pending final determination of whether the Settlement should be approved, the Plaintiffs, all other Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Releasee.  Pending the Fairness Hearing, the Court stays all proceedings in the Lawsuit, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

IT IS SO ORDERED.

Dated: _____, 2013

_____
MARCIA G. COOKE, United States District Judge