UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-Civ-23064-COOKE/TURNOFF

MARK GJOLAJ, on behalf of himself
and all others similarly situated,

    Plaintiff,

vs.

GLOBAL CONCEPTS LIMITED, INC.,
d/b/a GLOBAL TV CONCEPTS, LTD., *et al.*,

    Defendants.

_____/

ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT AND ENTRY OF FINAL JUDGMENT

Plaintiffs Cathie Colvin and Mark Gjolaj ("Plaintiffs"), on behalf of themselves and a putative nationwide class of purchasers of certain Riddex brand electromagnetic pest repelling aid devices (the "Devices") manufactured, marketed and/or distributed by Defendant Global Concepts Limited, Inc. d/b/a Global TV Concepts, LTD. ("Global"), (collectively "the Parties"), have entered into a Settlement Agreement (the "Settlement Agreement").  The Parties previously submitted the Settlement Agreement to this Court for preliminary approval of the class action settlement provided for therein (the "Settlement"). On January 28, 2014, 2013, this Court entered an Order Granting Preliminary Approval to Class Action Settlement ("Preliminary Approval Order").  On May 13, 2014, the Parties filed a declaration confirming the timely distribution to the Settlement Class of the Settlement Notice and Publication Notice required by the Preliminary Approval Order. Now, the matter having come before the Court for hearing on May 14, 2014, on the Parties'

request for the entry of an order granting final approval to the proposed Settlement and for entry of final judgment in this matter, the Court finds and concludes that it has jurisdiction over the Parties and the subject matter and finds, concludes, and orders as follows:

**I.      JURISDICTION OF THE COURT**

The Parties and the Settlement Class Members have submitted to the jurisdiction of the Court for purposes of the Settlement; the Court has personal jurisdiction over the Parties and the Settlement Class Members; the Court has subject matter jurisdiction to release all claims and causes of action released in the Settlement; and the Court has subject matter jurisdiction to approve the Settlement.

**II.     CLASS CERTIFICATION**

In the Preliminary Approval Order, this Court granted conditional class certification to the following nationwide Settlement Class:

> Each person in the United States and its territories who from January 1, 2006 to August 31, 2013 purchased a Riddex brand electromagnetic pest repelling aid device (models Riddex Plus (marketed as "Riddex Pulse"), Riddex Power Plus, Riddex Quad, or Riddex Power Guardian) other than for resale or distribution. Excluded from the Settlement Class are officers, directors, and employees of Global and their parents and subsidiaries, as well as judicial officers and employees of the Court.

The Court found and concluded that the Settlement Class satisfied all the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws; appointed Plaintiffs as class representatives; and appointed Plaintiffs' counsel, the law firms Baron & Herskowitz, LLP, Cuneo Gilbert & LaDuca, LLP, Milberg LLP, and Varnell & Warwick, P.A., as counsel for the Settlement Class ("Class Counsel"). Having considered all submissions timely filed with the Court pursuant to the Preliminary Approval Order, the

Court now finds and concludes that the provisions of the Preliminary Approval Order conditionally certifying the Settlement Class, appointing Plaintiffs as representatives of the Settlement Class, appointing KCC Class Action Services as the Claims Administrator, and appointing Class Counsel should be, and hereby are, confirmed in all respects as a final class certification order under Federal Rule of Civil Procedure 23 for the purposes of implementing the nationwide class settlement provided for in the Settlement Agreement and Settlement, and entering final judgment in this action.

### III.  NOTICE

The Preliminary Approval Order approved:  (1) the form and content of the notice of Settlement to be provided to members of the Settlement Class by e-mail where an e-mail address is known and readily available to Global, and by mail where a mailing address is known and readily available to Global (the "Settlement Notice"); (2) the form and content of a posted notice (the "Posted Notice") and Claim Form to be posted on the Claims Administrator's website, www.riddexclasssettlement.com, and linked to Global's website, www.globaltvconcepts.com; (3) the form and content of a publication notice (the "Publication Notice"); and (4) the plan specified in the Settlement Agreement for distributing the Settlement Notice and a Publication Notice.

The Settlement Notice fairly, accurately, and reasonably informed members of the Settlement Class of:  (1) appropriate information about the nature of this litigation and the essential terms of the Settlement Agreement; (2) appropriate information about, and means for obtaining, additional information regarding this litigation and the Settlement Agreement; and (3) appropriate information about the right of Settlement Class Members to exclude themselves from the Settlement, object to the terms of the Settlement Agreement, or

3

object to Class Counsel's application for an award of attorneys' fees and reimbursement of expenses ("Application"), and the procedures to do so.

The Settlement Notice fairly and adequately informed members of the Settlement Class that if they did not comply with the specified procedures and deadline for filing objections, they would lose any opportunity to have any objection considered by this Court at the Fairness Hearing or otherwise to contest approval of the Settlement or to appeal from any order or judgment entered by this Court in connection with the Settlement.

The plan specified in the Preliminary Approval Order for distributing the Settlement Notice and Publication Notice has been implemented and has provided to the Settlement Class reasonable notice of the Settlement. There is no additional mode of distribution that would be reasonably likely to notify members of the Settlement Class who may not already have received notice pursuant to that distribution plan. The Preliminary Approval Order required the Parties to e-mail or mail or cause to be e-mailed or mailed, by first-class United States Mail, to all members of the Settlement Class whose addresses reasonably can be identified in Global's records of purchasers of Devices, a copy of the Settlement Notice. The Preliminary Approval Order required that, before Global mailed, or caused to be mailed, such copies of the Settlement Notice, Global had to obtain or cause to be obtained address updates utilizing a National Change of Address database. In mailing such notices, Global was required to utilize any updated addresses thus obtained. The Preliminary Approval Order also required that the Posted Notice and the Claim Form be posted on the Claim Administrator's website, www.riddexclasssettlement.com, and linked to Global's website, www.globaltvconcepts.com. Still further, the Preliminary Approval Order required that Global send or cause to be sent, by e-mail, to every member of the Settlement Class

4

whose e-mail addresses reasonably can be identified in Global's records of purchasers and owners of the Devices, an electronic copy of the Settlement Notice.

The Preliminary Approval Order required Global to file with the Court a declaration of its compliance with the foregoing notice requirements. Pursuant to the Preliminary Approval Order, Global has filed the required declaration. Additionally, Global's Counsel has filed with the Court proof of compliance with the Class Action Fairness Act of 2005.

Based on the foregoing, the Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws.

## IV. PERSONS EXCLUDED FROM THE SETTLEMENT CLASS

The Claims Administrator may have received, from certain Settlement Class Members, requests for exclusion from the Settlement Class and has provided Class Counsel and Global's Counsel copies of any such requests. Class Counsel and Global's Counsel have filed with the Court a list of any persons who have timely elected to be excluded. All persons named in the list attached hereto as Exhibit 1 are hereby excluded from the Settlement Class and will not be bound by the terms of the Settlement.

## V. FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

In the Preliminary Approval Order, the Court found that the Settlement Agreement appeared to be fair, reasonable, and adequate and fell within the appropriate range of possible approval. In essence, the Settlement provides for each member of the Settlement Class as that term is defined in the Settlement Agreement, to receive from Global benefits so described in Section IV.A. of the Settlement Agreement. The Settlement Agreement

5

provides these benefits to the Settlement Class even though Global has at all times disputed, and continues to dispute, Plaintiffs' allegations in this lawsuit and to deny any liability for any of the claims that have been or could have been alleged by Plaintiffs or other members of the Settlement Class.

Taking into account: (1) the defenses asserted by Global in pleadings filed with this Court, (2) the risk to Settlement Class Members that Global would successfully defend, at trial or on appeal or both, against claims arising out of the facts and legal theories pled and asserted in this case, whether litigated by Settlement Class Members themselves or on their behalf in a class action, and (3) the length of time that would be required for Settlement Class Members to obtain a final judgment through one or more trials and appeals, the Settlement Agreement is fair, reasonable, and adequate.  Moreover, the Parties have reached the Settlement after vigorous litigation, significant investigation and discovery by Plaintiffs, Class Counsel, and Global, and a protracted, arm's-length negotiation process facilitated by a mediator, and the Settlement is not in any way the product of collusion.

Accordingly, having considered the foregoing, the number of class members who have requested to be excluded from the Settlement, the level of opposition to the Settlement, the strength and weaknesses of the claims that have been and could be asserted by or on behalf of the members of the Settlement Class, the strengths and weaknesses of the defenses that have been and could be asserted by Global, the damages and other relief that have been and could be claimed on behalf of the members of the Settlement Class, the value of the Settlement, and the complexity, length, expense, and uncertain outcome of continued litigation, and there being no suggestion of improper collusion among the parties, the Court finds that the Settlement is fair, reasonable, and adequate to members of the Settlement Class, and the Court hereby grants final approval of the Settlement Agreement and enters

this Judgment implementing its terms. The Court hereby adopts and incorporates the terms of the Settlement Agreement for the purposes of this Final Approval Order, including the Definitions set forth in the Settlement Agreement.

## VI. ADMINISTRATION OF THE SETTLEMENT

For the purposes of consummating the administration of the Settlement, the Court orders as follows:

1. Global will change its advertising, packaging, and promotional materials as outlined in Exhibit C to the Settlement Agreement.

2. Global will provide all eligible Settlement Class Members with either a $14.95 refund or an additional Device (model will be the Plus/Pulse), subject to the terms, limitations and restrictions set forth in the Settlement Agreement and as approved in the Preliminary Approval Order

3. The Court hereby awards $1,000.00 to each Plaintiff in compensation for the time, effort, and risk they undertook as representatives of the Settlement Class.

4. The Court hereby awards attorneys' fees and costs to compensate Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Global's agreement to certain non-monetary relief and programmatic changes and by making funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre-and post-filing

7

investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Global's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Plaintiffs, who have reviewed the Settlement Agreement and been informed of Class Counsel's Application and have approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Application in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's Application, and zero (0) Settlement Class Members objected.  For these reasons, the Court hereby approves Class Counsel's Application and awards to Class Counsel fees and costs in the total aggregate amount of $312,500.00, to be paid incrementally pursuant to the schedule set forth in the Settlement Agreement at VIII. B.

     5.     Global shall pay the awards to Class Counsel and to Plaintiffs, as well as amounts due to eligible Settlement Class Members who timely filed a claim under the Settlement Agreement, in accordance with and at the times prescribed by the Settlement Agreement.

## VII. RELEASES AND EFFECT OF SETTLEMENT AGREEMENT

### A. Releases

In consideration of the terms of the Settlement Agreement, all members of the Settlement Class who have not timely excluded themselves from the Settlement ("Settlement Class Members"), including Plaintiffs, are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all Released Claims against any and all Releasees.

"Released Claims" means all claims, actions, causes of action, administrative claims, demands, debts, damages, costs, attorney's fees, obligations, judgments, expenses, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, other than claims for personal injury, that Plaintiffs or any member of the Settlement Class now have or, absent this Settlement Agreement, may in the future have had, against Releasees, or any of them, by reason of any act, omission, harm, matter, cause, or event whatsoever that has occurred at any time up to and including the entry of the Preliminary Approval Order, that has been alleged in this Lawsuit or could have been alleged in the Lawsuit or in another court action, and relates (i) to any of the alleged inadequacies, misstatements, or issues of or associated with the Devices alleged in this Lawsuit or (ii) to any act, omission, damage, matter, cause, or event whatsoever arising out of or related to the initiation, defense, or settlement of the Lawsuit or the claims or defenses asserted or that could have been asserted in the Lawsuit.

The Released Claims include all known and unknown claims, actions, and causes of action relating to the Devices, other than claims for personal injury, and this Settlement Agreement is expressly intended to cover and include all such claims, actions, and causes of action, for losses or damages of any type. The Settlement Class Members have expressly,

knowingly, and voluntarily waived any provision of any state or federal statutory or case law that provide that a general release does not extend to claims that the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by the creditor must have materially affected his or her settlement with the debtor. Settlement Class Members further have expressly, knowingly, and voluntarily waived the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Settlement Class Members have expressly waived and relinquished all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code and of all similar laws of other States, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.

Settlement Class Members have expressly waived and relinquished all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of state and federal statutory or case law, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the Released Claims.  In connection with such waiver and relinquishment, the Settlement Class Members have acknowledged that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those which they now know or believe to exist with respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected, that they have against Releasees.  In furtherance of such intention, the release given by the Settlement Class Members to the Releasees shall be and remain in effect as a full and complete general

release of all claims notwithstanding the discovery or existence of any such additional different claims or facts.

"Releasees" means: (a) Defendant, together with its respective predecessors and successors in interest, parents, subsidiaries, affiliates, and assigns; (b) Global Instruments, Inc., together with its respective predecessors and successors in interest, parents, subsidiaries, affiliates, and assigns; (c) each of their respective past, present, and future officers, directors, agents, representatives, employees, attorneys, and insurers; and (d) all suppliers, distributors, dealers, retailers, trade partners, licensors, licensees, franchisees, public relations firms, advertising and production agencies, and other entities, whether foreign or domestic, who were or are in the chain of, or played any role in, the design, testing, manufacture, assembly, distribution, marketing, sale, lease, installation, or servicing of the Devices or their component parts.

In consideration of the terms of the Settlement Agreement, Global and its predecessors, successors and assigns, are hereby found, deemed, and adjudged to have fully, finally, and forever released and discharged all actions, causes of action, claims, administrative claims, demands, debts, damages, costs, attorney's fees, obligations, judgments, expenses, or liabilities, in law or in equity, whether now known or unknown, contingent or absolute, that Global now has against Plaintiffs, Settlement Class Members, Class Counsel, or Plaintiffs' Counsel by reason of any act, omission, harm, matter, cause, or event whatsoever arising out of the initiation, prosecution, or settlement of the Lawsuit or the claims asserted in the Lawsuit.

11

**B.     Settlement Agreement as Exclusive Remedy for Released Claims**

Upon the entry of this Final Approval Order: (1) enforcement of the Settlement Agreement shall be the exclusive remedy for Settlement Class Members with respect to all Released Claims of Settlement Class Members; and (2) the Releasees shall not be subject to liability or expense of any kind to any of the Settlement Class Members, all of whom are hereby permanently barred and enjoined from initiating, asserting, or prosecuting against any of the Releasees, in any federal or state court or tribunal, any Released Claim. Settlement Class Members who are prosecuting or asserting any of the Released Claims are ordered to take whatever measures are necessary to effectuate the dismissal of their claims.

**C.     Effect of a Final Judicial Determination of Invalidity or Unenforceability**

If, after the entry by this Court of this Final Approval Order, a notice of appeal of this Final Approval Order is timely filed by any party, objector, claimant, or other person or entity, and if an appellate court makes a final determination that this Final Approval Order is in any respect invalid, contrary to law, or unenforceable, Global's stipulation to certification of the Settlement Class provided for in this Order shall be null and void, and the Parties shall return to their respective positions in this Lawsuit as those positions existed as of June 12, 2013.

The final Court-ordered amount of any award of attorneys' fees and costs to Class Counsel is a matter separate and apart from the Settlement Agreement and this Final Approval Order. Neither the decision by the Court concerning the award of attorneys' fees and costs nor any appeal of the Court's order concerning attorneys' fees and costs shall affect the validity or finality of the Settlement.

## VIII. NO ADMISSION OF LIABILITY

The Parties entered into the Settlement Agreement for the purpose of compromising and settling disputed claims. Nothing in the Settlement Agreement or in the documents relating to the Settlement Agreement shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Settlement Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity, regardless of whether the Settlement Agreement ultimately becomes effective.

## IX. ENTRY OF FINAL JUDGMENT

The Court hereby orders dismissal with prejudice of all claims alleged in the Class Representation Complaint in this action. The Court further orders the entry of, and hereby enters, this Judgment. The Court expressly retains jurisdiction over all matters relating to the adjudication of claims and the provision of benefits as provided by the Preliminary Approval Order and by this Order, as well as all other matters relating to the administration and consummation of the Settlement, including, but not limited to, requests by Global, Class Counsel, or Settlement Class Members for review of the Claims Administrator.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 19th day of November 2014.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
William C. Turnoff, U.S. Magistrate Judge
Counsel of record